## Arrow v. Arrow

*I. Jerome Stern*, for plaintiff.

*Jacob S. Richman*, for defendant.

MACNEILLE, P. J., March 7, 1950.—In this case Jacob S. Richman, Esq., on behalf of defendant, presented to the court on February 7, 1950, a petition and rule to show cause why reconciliation efforts should not be made. The court refused allocatur, from which Jacob S. Richman has filed an exception on behalf of defendant. The rule asked for is as follows:

"And now, to wit, this — day of February, A. D. 1950, upon consideration of the foregoing Petition,

and upon motion of Richman and Richman, Esquires, attorneys for the petitioner, a Rule is granted upon Esther Arrow, the Plaintiff above named, to show cause why she should not be ordered and directed to submit to such reconciliation proceedings as the Court shall determine consistent with her legal and constitutional rights.

"All proceedings to stay meanwhile.

"Rule returnable the — Day of —————— A. D. 1950, in Room — City Hall, Philadelphia, Pennsylvania, at — A. M."

We have carefully considered Mr. Richman's argument and have made careful examination of such authorities as he has submitted in his brief, and we find no authority under the law of Pennsylvania to force any party, or particularly as in this case, plaintiff in a divorce proceeding, to show cause why she should not indulge in efforts of reconciliation.

It is true that in the Municipal Court of Philadelphia a system exists whereby a complaining party to a domestic dispute may be referred to an interviewer in a department set up for the purpose of effecting reconciliations. Under that practice, the other party to the marriage is invited to an interview, and if, at that interview, he or she shows an interest in efforts at reconciliation, then a meeting is arranged for both parties and every opportunity is offered to reconcile their differences. It is not assumed by the municipal court that there exists any right in law to force either unwilling party to submit to such efforts. In various jurisdictions there are several efforts being made along the same lines as those in Philadelphia, in none of which, however, so far as we can discover, is there used any effort to force an unwilling party to submit. It is quite clear to us that there is no law in Pennsylvania that confers upon our court any such authority.

We do not think that we have a right to deny a citizen the privilege of having his, or her, case adjudicated.

Masters usually, if not universally, in the handling of cases in Philadelphia, are very eager to bring the parties together, and to bring about a reconciliation as soon as the developments in the trial of the case indicate there is a possibility of such success, or the willingness of both parties to attempt such reconciliation. In the instant case we are informed that the master has made just such efforts without successfully convincing both sides to so indulge. Therefore, we are being asked under this rule to act with force. This, we are convinced, we have no right to do. This is not a mere matter of procedure. We are dealing with the fundamental rights of the parties. While it has been suggested to us that, under the procedural rules, provision might be made for such a practice, we gravely doubt that the Supreme Court would be willing to promulgate such a rule with the full realization of its interference with the fundamental rights of a litigant to have his cause tried. But that is all apart from our present case because there has been no attempt on the part of the procedural rules to interfere.

We have had to consider in principle this same matter on other occasions, where a proceeding took on a more specific form in which two parties married by a rabbi had made an agreement that neither of them would seek a divorce under the laws of the Commonwealth unless first securing what was called a rabbinical decree. We were forced to conclude in that case that we could not on that ground deny to the prospective litigant his right to proceed in the tribunals of our Commonwealth. No doubt this whole movement is motivated by an effort of benevolence, but after all it seems incongruous to attempt to administer benevolence by force.

Wherefore, the exception taken to the court's refusal to allow the rule is dismissed, and the master is directed to proceed without denying to plaintiff her right to a speedy determination of the litigation.